**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| DO NOT PASS GO, LLC et al., | ) | |
| | ) | Case No. 24-CV-50074 |
| Plaintiffs, | ) | |
| | ) | Hon. Judge Rebecca R. Pallmeyer |
| v. | ) | Magistrate Margaret J. Schneider |
| | ) | |
| CITY OF ROCKFORD, | ) | |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |

**DEFENDANT CITY OF ROCKFORD'S MOTION TO STRIKE PLAINTIFFS'
SUMMARY JUDGMENT FILINGS OR, IN THE ALTERNATIVE,
TO EXTEND THE CITY'S DEADLINE TO RESPOND**

Defendant City of Rockford, Illinois, by its undersigned counsel, the Sotos Law Firm, P.C. and the City of Rockford Department of Law, hereby moves this Court to (I) strike Plaintiffs' summary judgment filings for violating a Court Order and a suite of Local Rules or, (II) in the alternative, extend the City's deadline to respond to Plaintiffs' summary judgment filings by 28 days (4 weeks), for a new deadline of July 24, 2026.

In March, the Court rejected Plaintiffs' request for leave to file a 60-page summary judgment memorandum of law and a 140-paragraph statement of facts. In brazen violation of both that Court Order and a ream of Local Rules, Plaintiffs filed a 54-page motion, a 149-paragraph statement of facts, and no separately docketed memorandum of law. The flagrancy of these violations is so stark as to warrant either (1) immediate striking of the filings with instructions to Plaintiffs to file compliant summary judgment documents by week's end, or (2) striking of every fact paragraph and page of argument in excess of the Local Rules' allowances. In the alternative, (3) the City's deadline to respond to these engorged filings should be extended by 4 weeks—and Plaintiffs should be explicitly precluded from seeking any similar extension.

1

**BACKGROUND**

On March 6, 2026, Plaintiffs moved the Court for leave for the parties to file (1) memoranda in support of their respective motions for summary judgment not to exceed 60 pages each, and (2) statements of material facts containing no more than 140 paragraphs each. (Dkt. 70, Pls.' Mot. for Leave.) The Defendant City opposed and indicated its belief that a more reasonable enlargement would be caps of 30 pages for the memoranda of law and 100 paragraphs for the statements of fact. (*Id.* ¶ 7.) On March 9, **the Court denied Plaintiffs' request**, finding, "If overlength filings are necessary at all, the court does not expect to allow submissions any longer than the ones reportedly proposed by Defendant." (Dkt. 71, Minute Entry (emphasis added).)

Consistent with that Order, on May 28, the City moved for leave to file a 30-page memorandum of law. Plaintiffs did not oppose, and the City did not seek additional paragraphs for its statement of fact. (Dkt. 77, Def.'s Mot. for Leave.) The next day, May 29, the Court granted the City's request. (Dkt. 78, Minute Entry.) The City filed its 30-page Memorandum of Law a few hours later, (Dkt. 80), along with its corresponding Motion for Summary Judgment (Dkt. 79) and 70-paragraph Statement of Facts ("DSOF")[1] with attached exhibits (Dkt. 81).

Later the same May 29 evening, Plaintiffs filed a Motion for Summary Judgment containing 54 pages of argument (Dkt. 82), a Statement of Facts ("PSOF") containing 149 paragraphs (Dkt. 83), and a document titled "Appendix" that contains Plaintiffs' exhibits (Dkt. 84). Plaintiffs did not file a separate memorandum of law. And their statements of fact frequently include single paragraphs that promulgate multiple and distinct factual assertions. Here is one example:

> 35. Defendant's criminology expert, Dr. Daniel Kennedy, relied on an IDOC "Parole or Mandatory Supervised Release Instructions" form requiring certain supervisees to "refrain from any social networking" to support his claim that

---

[1] Paragraph 25 of the City's Statement of Facts contains 5 subparts, such that it would be equally appropriate to describe the DSOF as containing 75 paragraphs. In either framing, it is less than the 80 paragraphs permitted by the Local Rules. LR 56.1(d)(5).

2

> Illinois prohibits parolees from associating with one another. Ex. 14, Dep. of Kennedy, at 228:6–18. Kennedy testified that he understood the IDOC instruction to "refrain from any social networking" as supporting a prohibition on parolees associating with or residing with one another, explaining that "it's kind of difficult to say you can live with John, but you can't network with John because people interact when they live together." *Id*. When asked whether he knew what a social networking website is, Kennedy answered, "Oh, I don't know." Ex. 14, Dep. of Kennedy, at 228:19–229:24. As Dixon explains, the instruction Dr. Kennedy cites concerns unauthorized social-media use (websites such as Facebook, Instagram, or TikTok) not association among parolees. Ex. 22, Dixon Rebuttal Report, at 4.

(Dkt. 83, PSOF ¶ 35.) With this single paragraph, Plaintiffs make a series of distinct assertions about one expert's opinion, the basis for that opinion, Plaintiffs' lawyers' probing of the basis for that opinion at the expert's deposition, and then an altogether separate expert's explanation about *his* understanding of the basis for the original expert's opinion.

Certainly, paragraphs in a statement of facts can contain more than one sentence. But the City adduces at least 4 separate assertions of distinct facts in this 1 paragraph that might plausibly be considered the "material" portion of the fact. (*Id*.) Similar instances occur throughout the PSOF. (*E.g., id.* ¶¶ 9, 10, 14, 16, 18, 22, 23, 26, 33, 37, 39, 41, 51, 60, 74, 78, 101, 103, 123, 126, 131, 138, 146.) The City submits that a charitable parsing of the multiple fact assertions embedded within single statements of fact in the PSOF pushes Plaintiffs' true count of asserted facts to well over 175.

### GOVERNING LAW

It is a "basic proposition that all orders and judgments of courts must be complied with promptly." *Maness v. Meyers*, 419 U.S. 449, 458 (1975). "'[A]n order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties.'" *Id.* at 459 (quoting *United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947)).

Thus, "[c]ourts have inherent authority to enforce their orders." *Mac Naughton v. Harmelech*, 932 F.3d 558, 566 (7th Cir. 2019). "The whole system would collapse if parties could always

disregard orders they disagree with." *Id.* (citing *In re Mann*, 311 F.3d 788, 789 (7th Cir. 2002) ("Half of all litigants (the losing half) may believe that the decision is incorrect, but it is essential to the operation of any legal system that unsuccessful litigants abide by the judgment unless they can persuade a higher court to set it aside"). Consistent with that authority, "it is within the district court's discretion to strike an unauthorized filing." *Cleveland v. Porca Co.*, 38 F.3d 289, 297 (7th Cir. 1994).

That principle applies with particular force to unauthorized oversized briefs filed in violation of a court order. A party "should not attempt to present [a court] with a *fait accompli* by submitting an oversized brief before his motion for leave to file such a brief has been acted on, as was done here." *United States v. Devine*, 768 F.2d 210, 211 (7th Cir. 1985) (en banc) (per curiam). "Page limitations," after all, "are important, not merely to regulate the Court's workload, but also to encourage litigants to hone their arguments and to eliminate excessive verbiage." *Fleming v. County of Kane*, 855 F.2d 496, 497 (7th Cir. 1988) (internal citation omitted). "[T]herefore, parties should not attempt to evade…space limitations…without filing a motion for leave to file an oversize brief." *Id.* at 498.

The Northern District's Local Rules provide the same. Local Rule 7.1 states that "[n]either a motion nor brief in support of or in opposition to any motion…shall exceed 15 pages without prior approval of the court," and noncompliant filings are "subject to being stricken by the court." LR 7.1. Local Rule 56.1 likewise requires a summary judgment movant to file a supporting memorandum of law, a statement of facts consisting of "concise numbered paragraphs," and a statement of facts that "must not exceed 80 numbered paragraphs" unless the party first obtains leave. LR 56.1(a)(1), (d)(1), (d)(5). The Seventh Circuit has repeatedly held that district courts are entitled to enforce Local Rule 56.1 strictly. *See Raymond v. Ameritech*

4

*Corp.*, 442 F.3d 600, 604 (7th Cir. 2006) ("district courts are entitled to expect strict compliance with Local Rule 56.1"); *Ammons v. Aramark Unif. Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004) ("Substantial compliance [with the Local Rules] is not strict compliance"); *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 527 (7th Cir. 2000) ("Given their importance, we have consistently and repeatedly upheld a district court's discretion to require strict compliance with its local rules governing summary judgment").

## ARGUMENT

### I. The Court Should Strike Plaintiffs' Summary Judgment Filings

#### a. Plaintiffs' brazenly violated an Order of this Court.

As just laid out, Plaintiffs' excessively overlong filings not only directly flout the Court's denial of their request to file enlarged summary judgment documents, but also ignores the Court's proviso that it "does not expect to allow submissions any longer than the ones reportedly proposed by Defendant." (Dkt. 71, Minute Entry.) Indeed, Plaintiffs' filing package—a 54-page motion and 149-paragraph statement of facts—is materially indistinguishable from the enlarged submission Plaintiffs previously requested and had rejected—60 pages and 140 paragraphs.

Courts have stricken filings in analogous circumstances. Just recently, a fellow Northern District judge struck unauthorized summary judgment filings where a defendant filed a cross-motion and supporting materials without seeking leave under the operative briefing structure. *Thornley v. Citizens Ins. Co. of Am.*, No. 24-cv-05525, 2026 WL 851407, at *4–5 (N.D. Ill. Mar. 28, 2026). Judge Chang held that it was "well within the Court's discretion" to strike the unauthorized filings, which violated a case-management order he had previously entered, because the defendant "should have requested leave" rather than unilaterally expand the summary judgment submissions. *Id.* at *4, 4 n.4.

5

The same principle applied in *Leo v. Garmin International, Inc.*, where the plaintiff, after winning leave to file a response to a motion to dismiss up to 50 pages, "moved for permission to file a brief in excess of 50 pages, and without obtaining prior leave, filed a response brief in excess of 130 pages." No. 10-2495-JTM, 2011 WL 1097759, at *2 (D. Kan. Mar. 22, 2011). "The court denied" that request "and directed him to file a brief of 50 pages or less," yet still the plaintiff submitted filings that routinely violated the 50-page limit. *Id*. The court issued sanctions as a result, which included barring plaintiff from levying "any further legal actions which raise claims which were, or could have been raised, in [earlier litigation], without prior leave from this court." *Id.* at *3.

The City does not seek such draconian relief here. But *Leo* is an important marker. It demonstrates just how critical it is for parties to respect the duly issued orders of a federal court, even for something as seemingly innocuous as the page and paragraph limits that attend dispositive motion briefing.

### b. Plaintiffs violate the Local Rules on multiple fronts.

Separate and apart from the violation of the Court's Order is Plaintiffs' boldly unilateral discard of the Local Rules. <u>First</u>, Plaintiffs filed a 54-page document titled "Motion for Summary Judgment" that contains their legal argument, fully 39 pages in excess of the page limitation supplied by the Local Rules. LR 7.1. The Southern District addressed a similar violation of its local rules in *Loch v. Board of Education of Edwardsville Community School District No. 7*. No. 06-CV-0017-MJR, 2008 WL 2414864 (S.D. Ill. June 12, 2008). The plaintiffs there filed a summary judgment response that exceeded the applicable page limit and attached a separate exhibit purporting to "clarify" the defendant's statement of facts. *Id.* at *1. Though "denominated an exhibit," the document was "in actuality, a twenty-one page continuation of their response."

*Id*. The court rejected the maneuver, finding it an "attempt to file an oversized brief, without leave of Court" and holding that "allow[ing] Plaintiffs to file an oversized brief without leave of Court would be prejudicial to the District." *Id*. The court thus granted a motion to strike the exhibit and its excess pages. *Id.* at *2.

Second, the 149-paragraph PSOF violates the Local Rules' provision of a statement of facts that "must not exceed 80 numbered paragraphs," which is accompanied by a black letter requirement that parties "must seek the court's permission before exceeding these limits." N.D. Ill. L.R. 56.1(d)(5). Plaintiffs were *already* denied permission to include 140 paragraphs, and they *never* sought permission for 149 paragraphs. That alone warrants relief. *See Shanmugavelandy v. AbbVie, Inc.*, No. 22-cv-02975, 2025 WL 1557931, at *2–3 (N.D. Ill. June 2, 2025) (striking statements of fact exceeding Local Rule 56.1's 80-paragraph limit and explaining that Rule 56.1 promotes clarity because "it is not the Court's duty to go on an expedition in adjudicating such motions").

Third, the PSOF compounds its Local Rules violation by packing multiple distinct factual assertions into single numbered paragraphs. The Rules require "concise numbered paragraphs." LR 56.1(d)(1). As courts in this District have explained, "[e]ach paragraph should contain a single fact, and a reference to the party's best evidence for that fact." *Sommerfield v. City of Chicago*, No. 06 C 3132, 2010 WL 3786968, at *4 (N.D. Ill. Sept. 20, 2010). The City appreciates that the line between a single fact best presented with multiple sentences and a multitude of facts jammed into a single paragraph can at times be hazy. The frequency with which Plaintiffs test that boundary, however, is substantial. *Supra* at 2–3 (collecting examples). Ultimately, if left unchecked, Plaintiffs' misconduct will force Defendants either to admit an entire paragraph containing multiple propositions or to dispute it in piecemeal fashion. With

7

Plaintiffs already inching near double the 80-paragraph permission of the Local Rules, this indulgent form of fact-asserting should not be countenanced.

Fourth, Local Rule 56.1 separately requires a summary judgment movant to file "a supporting memorandum of law that complies with LR 56.1(g)." LR 56.1(a)(1). As explained above, Plaintiffs instead embedded their legal argument within their "Motion for Summary Judgment." Of the four rules violations, this is assuredly the most technical of the bunch. Standing alone, it would not warrant a motion to strike. But it does not stand alone, and it is a remarkably easy rule to follow. There is no excuse for able counsel's failure to abide by it; the City would be remiss not to raise it in a motion dedicated to illuminating so barefaced a display of rules violations.

### c. The City proposes two alternative avenues by which to strike Plaintiffs' submissions.

The prejudice of Plaintiffs' violations of the Court's Order and the Local Rules is not abstract. Defendants complied with the spirit of the Court's March 9 Order by seeking and receiving permission to file a 30-page Memorandum of Law. The City also limited itself to a 70-paragraph DSOF. Plaintiffs, by contrast, filed multiple bloated documents that effectively doubled the length of the page and paragraph count of the City's submissions *after* the Court had already ordered them not to do precisely that.

Requiring Defendants to respond to Plaintiffs' noncompliant submissions would reward the very conduct the Local Rules and the Court's prior Order were designed to prevent, and it would place an undue, unjust burden on the City. Thus, the City seeks either of two forms of relief in the form of striking Plaintiffs' summary judgment submissions:

(1) Strike Plaintiffs' summary judgment filings *in toto* with instructions to file compliant documents by the end of the week, June 5, 2026. This was precisely what Judge Daniel ordered

in just two weeks ago, wholesale striking the plaintiffs' summary judgment for exceeding the 120 pages previously permitted by the court and requiring refiled compliant briefs by week's end. (Ex. A, Minute Entry, *Hernandez v. Guevara*, No. 1:23-cv-01737, Dkt. 344 (N.D. Ill. May 18, 2026).) Here, the City also specifically requests the Court to instruct Plaintiffs that (1) their resubmissions must be confined to exhibits, fact assertions, legal arguments, and caselaw citations already included in their defective March 29 submissions, (2) the resubmissions must refrain from addressing any points made in the City's compliant March 29 submissions, and (3) any violation of these instructions may result in prejudicial dismissal of Plaintiffs' case. Such an order prevents Plaintiffs from taking advantage of their own misconduct.

(2) Alternatively, strike every fact from the PSOF after Paragraph 80 and strike every page of argument from Plaintiffs' summary judgment motion after page 15. That would bring Plaintiffs' filings *mostly* into compliance with the Local Rules. Any resulting waiver arguments available to the City would be justified in light of the remarkable flagrancy of Plaintiffs' violations.

## II. In the Alternative, the Court Should Extend the City's Deadline—But Not Plaintiffs' Deadline—to Respond to Plaintiffs' Summary Judgment Motion

For the reasons already laid out, allowing Plaintiffs' summary judgment filings to stand as-is would levy a significantly prejudicial burden on the City. To account for this burden, which the Court's March 9 Order effectively rendered unforeseeable, and in the alternative to striking Plaintiffs' submissions, the City requests a 28-day (4-week) extension to its deadline to respond, making for a new deadline of July 24, 2026, to account for the essential doubling of the burden the City is under in light of Plaintiffs' enlarged filings. As part of this alternative request, the City also moves the Court to bar Plaintiffs from seeking an extension to their (and the City's) current deadline of June 26, 2026, to file responsive documents. The City complied with Court orders and the Local Rules; Plaintiffs did not. Any relief should take that reality into account.

9

**CONCLUSION**

WHEREFORE, Defendant City of Rockford respectfully requests that the Court grant this Motion, issue one of the forms of relief articulated herein, and order any other relief the Court deems just.

Dated: June 1, 2026                                    Respectfully Submitted,

                                                       /s/ Thomas J. Sotos
                                                       THOMAS J. SOTOS, Atty No. 6327630
                                                       *One of the Attorneys for Defendant City of Rockford*

James G. Sotos
Jeffrey R. Kivetz
Thomas J. Sotos
Carl M. Johnson
Kylie R. Dodd
THE SOTOS LAW FIRM, P.C.
141 W. Jackson Blvd., Suite 1240A
Chicago, IL 60604
Tel: (630) 735-3300
tsotos@jsotoslaw.com

Matthew D. Flores
City of Rockford Department of
Law
425 East State Street
Rockford, IL 61104
(779) 348-7154
matthew.flores@rockfordil.gov