**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

DO NOT PASS GO, LLC; *et al.*,

    Plaintiffs,

        v.

CITY OF ROCKFORD,

    Defendant.

3:24-cv-50074

Hon. Rebecca R. Pallmeyer

Magistrate Judge Margaret J. Schneider

**PLAINTIFFS' MOTION FOR LEAVE TO FILE *INSTANTER*
THE ATTACHED CORRECTED BRIEF AND TO FILE EXCESS
PAGES AND STATEMENTS OF FACT**

Plaintiffs, through counsel, respectfully request that this Court grant them leave to file instanter the attached corrected summary judgment brief and excess pages and statements of fact in support of their motion for summary judgment. In support thereof, Plaintiffs state as follows.

1.     Plaintiffs challenge the constitutionality of amendments to the City of Rockford's zoning ordinance which prohibit two or more persons on mandatory supervised release ("MSR") or any other form of supervision from living at the same address as one another in areas zoned for single-family or two-family homes and require a "special use permit" to reside at the same address in any other area of the City.

2.     The parties filed their cross motions for summary judgment on Friday, May 27, 2026. Upon review, Plaintiffs' counsel realized that they included an inaccurate citation in their memorandum. Specifically, on page 14 of Plaintiffs'

brief, there is an inaccurate quotation from the *Barnes v. Jeffreys* decision. The attached amended summary judgment brief deletes this citation and quote but is otherwise unchanged. Counsel apologizes for the error.

3.      Plaintiffs also seek leave to file instanter excess pages and statements of fact in support of their motion for summary judgment. Plaintiffs' L.R. 56.1 Statement of Facts contains 149 paragraphs. Plaintiffs' memorandum of law is 54 pages long.

4.      Plaintiffs believe a memorandum and statement of facts of this length are necessary to adequately address the legal issues and the extensive factual record.

5.      The issues presented by Plaintiffs' motion require discussion of a substantial factual record. There were 13 depositions and nine expert reports in this case. The parties have developed evidence concerning, among other things, the text and history of the challenged Ordinance; the City's multiple alleged rationales for the Ordinance and the evidence bearing on those rationales; the types of housing regulated by the Ordinance; the immediate and long-term effects of the Ordinance; the operation of Illinois' mandatory supervised release system; the statutory and discretionary restrictions imposed on individuals with sex offense convictions; Illinois' prior experience with a one-per-address rule; the City's asserted rationales for the Ordinance; the evidence bearing on those rationales; and expert testimony concerning recidivism, cohabitation, supervision, and property values.

6.      The legal issues are also complex. Plaintiffs' motion addresses the proper application of rational-basis review where a law burdens a politically unpopular

2

group; the relevance of animus under *City of Cleburne v. Cleburne Living Center*, *United States Department of Agriculture v. Moreno*, and related cases; the evidence that was brought forth regarding the City's public safety and property values rationales for the Ordinance; and whether the Ordinance's scope is rationally related to those asserted interests.

7.     Additional pages are necessary to adequately present these issues, given the breadth of the factual record, the number of asserted governmental interests, and the extensive expert evidence submitted by both sides. Plaintiffs have made reasonable efforts to avoid unnecessary duplication and to streamline their presentation, but Plaintiffs cannot adequately present the material facts and legal arguments within the ordinary page limits without omitting matters necessary to the Court's resolution of the motion.

8.     Plaintiffs' counsel recognizes that this Court's time is valuable and does not wish to unnecessarily burden it with lengthy pleadings. Due to the complexity of this case, counsel for Plaintiffs believe the extra pages and facts are necessary to fully and adequately present this case to the Court.

9.     Plaintiffs' counsel advised Defendant's counsel of their intention to file this motion, and Defendant's counsel objects.

10.     Earlier this morning, Defendant filed a motion to strike Plaintiffs' summary judgment filings. ECF 85. Plaintiffs are filing this motion promptly on the next business day after filing their summary judgment materials. Plaintiffs therefore acted reasonably and expeditiously to seek leave for the additional pages

and statements of fact. Because noncompliance with the page and fact limits is being addressed promptly through this motion, and because the requested enlargement is justified by the size of the record and complexity of the issues, Defendant's motion to strike Plaintiffs' summary-judgment filings should be denied.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter an order granting them leave to file instanter the attached amended summary judgment memorandum; leave to file a summary judgment memorandum of 54 pages; and leave to file a statement of facts pursuant to L.R. 54.1 consisting of 149 paragraphs.

Respectfully submitted,

/s/ Mark G. Weinberg
/s/ Adele D. Nicholas
*Counsel for Plaintiffs*

Law Office of Adele D. Nicholas
5707 W. Goodman Street
Chicago, Illinois 60630
(847) 361-3869
adele@civilrightschicago.com

Law Office of Mark G. Weinberg
3612 N. Tripp Avenue
Chicago, Illinois 60641
(773) 283-3913
mweinberg@sbcglobal.net

4